IN RE ESTATE OF JOHN H. KOEHNKEN, DECEASED.

1. EVIDENCE PERPETUATED BY ADMINISTRATOR NOT CONCLUSIVE AS TO DISTRIBUTION.

The evidence perpetuated by an administrator under Sec. 6190 Rev. Stat. is not binding or conclusive as to distribution unless made according to law. Hence, the delivery of a receipt by a distributee to an administrator and by him filed with his final account in the probate court, although conclusive upon the parties in so far as the giving of the receipt is concerned, is not conclusive as to payment to such distributee.

2. FINAL ACCOUNT CANNOT BE REOPENED BY PROBATE COURT TO IMPEACH RECEIPT OF DISTRIBUTEE.

Where the final account of an administrator has been duly published and confirmed by the probate court, it cannot, after a lapse of eighteen months, reopen the account under Sec. 6190 Rev. Stat. and determine a question as to whether or not a distributee whose receipt is on file has, in fact, received her share. Such a question must be determined in an independent action.

3. LIABILITY OF SURETY DETERMINED ON EQUITABLE PRINCIPLES, WHEN.

  Where a distributee has given her receipt to an administrator for her dis-
  tributive share, which she has not actually received, and the final account
  has been duly confirmed and the administrator discharged, the liability of
  his sureties will be determined on equitable principles in a proper action.

Oscar W. Kuhn, for the appellant.

Goebel & Bettinger, for appellee.

**SWING, J.**

We are of the opinion that except as to the item of $200 and interest
which the administrator had in his hands, and which was not accounted
for in his final settlement, the probate court did not have the power to go
into the consideration of the question whether in fact the money was paid
to Mrs. Koehnken for which she gave a receipt to said administrator.

The receipts were filed by the administrator as required by Sec. 6190
Rev. Stat. The only object of this section is to perpetuate the evidence
of distribution and the payment of the money due to those who are entitled
to it. Under this section the probate court does not determine who are
entitled to the money due on distribution, and it rests on the administrator
to pay the money over to those who are entitled to it. If he pays to the
wrong person, he may still be compelled to pay over to the person entitled
to the same on distribution. In the case of Negley v. Gard, 20 Ohio 310,
such an action was brought in the court of common pleas.

The evidence here shows that Mrs. Koehnken signed the receipt, in
which she acknowledges the receipt on distribution of the amount set out
in the receipt. The account was properly published and confirmed and
nothing was done by the parties for more than eighteen months thereafter.
The perpetuation of this evidence under this section, it seems to us, was
complete and binding on the parties, so far as the giving of the receipt was
concerned, and that is all that it amounts to. Whether in fact the money
was paid is an entirely different question, and must be determined in an-
other action, and this remark also applies to the further question of what
effect the giving of this receipt has on the bondsmen of the administrator.
These questions must be the important questions, the settlement of which
the parties must ultimately seek to have determined, and these questions
must ultimately be determined by what was actually done by the adminis-
trator, and Mrs. Koehnken, and the action of the probate court, and by
the action of the parties in permitting the record in the probate court to
remain undisturbed for a period of eighteen months.

No action that the probate court can make now, can in the least
change this. We find no provision in the statute which authorizes that
court after the lapse of eighteen months to undo what had been done by

In re Estate of John H. Koehnken, Deceased.

it; and as said above, we find no reason for it, as it does not accomplish anything or settle any rights.

The purpose of Sec. 6190 Rev. Stat. has been held by our Supreme Court, in several cases, to be a provision simply for the perpetuation of evidence, and is not binding or conclusive as to the distribution, except when made according to law; and it does not have the effect to discharge the administrator of his trust where assets are still to be administered.

If Mrs. Koehnken received her share of the estate on distribution that is the end of the controversy; if she did not, and has not by her act estopped herself, she may recover the same in a proper action, and the administrator will continue liable until barred by the statute of limitations.

Whether the bondsmen remain liable in any event must be determined upon equitable principles in a proper action, and those questions cannot be affected by what the probate court now does, with respect to trying to correct the record of that court, but must be determined by what the court did and by what the parties permitted to remain undone, without objection, for a period of eighteen months.

For these reasons we think the judgment should be modified to the extent above set forth.